39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BRIGAERTS, Plaintiff-Appellant,
v.
Leonard CARDOZA; Board of Supervisors of San Mateo County;
County of San Mateo; Dr. B. Gilbert, Defendants-Appellees.
 No. 90-15145.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Brigaerts, a pretrial detainee, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. Sec. 1983 action alleging deliberate indifference to his medical needs and denial of access to the courts. We have jurisdiction under 28 U.S.C. Sec. 1291,[1] and we reverse and remand.
 
 
 3
 A district court must provide a pro se prisoner litigant with fair notice of the requirements of Fed.R.Civ.P. 56 before entering summary judgment against him. Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir.1988). The relative intelligence and legal sophistication of a particular prisoner is irrelevant to the district court's duty. Id. A pro se prisoner "should 'be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to [do] so [may] result in the entry of summary judgment against him.' " Jacobsen v. Filler, 790 F.2d 1362, 1366 n. 8 (9th Cir.1986) (quoting Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir.1975) (per curiam)).
 
 
 4
 Here, the district court ordered defendants to prepare a report investigating the allegations in Brigaerts' complaint. The court ordered defendants to prepare the report in conformity with Fed.R.Civ.P. 56(e), (f), and (g) in order to give the court a "detailed factual account of this matter, leading potentially to summary disposition of the matter." Brigaerts was instructed that he would have thirty days after he received the report to file a response to it. No further instructions were given Brigaerts regarding the requirements of Rule 56.
 
 
 5
 In response to the district court's order, defendants filed a report accompanied by several declarations. Brigaerts filed a response which failed to identify any material facts for trial. After considering the report and Brigaerts' response, the district court dismissed the action finding that Brigaerts' claims were "not supported by sufficient evidence to demonstrate a genuine issue of material fact," and that there was "no legal merit to either of [Brigaerts'] claims."
 
 
 6
 It is clear that the district court treated the defendants' report as a motion for summary judgment under Rule 56. Brigaerts' response to defendants' report, however, indicates that he did not understand the requirements of Rule 56. Therefore, because the district court failed to advise Brigaerts that he had to submit responsive evidence to prevent summary judgment under Rule 56(e), we reverse the district court's summary judgment and remand for the district court to provide such instructions and allow Brigaerts an opportunity to respond. See Klingele, 849 F.2d at 411-12.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Defendants contend that we lack jurisdiction over this appeal because Brigaerts' notice of appeal is untimely. We disagree. Although the district court's order of dismissal was filed on December 19, 1989, it was not entered until December 28, 1989. Accordingly, Brigaerts' notice of appeal, filed January 25, 1990, is timely. See Fed.R.App.P. 4(a)